J-S30015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TARANCE RUSSELL FRYE | : | |
| | : | |
| Appellant | : | No. 493 EDA 2023 |

Appeal from the PCRA Order Entered February 8, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003285-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TARRANCE FRYE | : | |
| | : | |
| Appellant | : | No. 494 EDA 2023 |

Appeal from the PCRA Order Entered February 8, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001412-2011

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:　　　　**FILED NOVEMBER 14, 2023**

Appellant, Tarance Russell Frye,[1] appeals *pro se* in two separate cases from the post-conviction court's February 8, 2023 order denying his petition (filed in both cases) under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

---

[1] Appellant's first name is spelled both as Tarance and Tarrance in the certified records.  We use Tarance for purposes of this appeal.

The facts of Appellant's underlying convictions are not pertinent to his present appeal. We summarize the relevant procedural history of his two cases as follows. On November 3, 2011, Appellant pled guilty in CP-15-CR-0001412-2011 ("case 1412-2011") to two counts of possession with intent to deliver ("PWID"). He was sentenced to an aggregate term of 364 to 728 days' incarceration, followed by 10 years' probation. On June 19, 2019, Appellant pled guilty in CP-15-CR-3285-2017 ("case 3285-2017") to four counts of PWID. His convictions in that case violated his term of probation in case 1412-2011. On September 3, 2019, Appellant was sentenced in both cases. In case 3285-2017, he received an aggregate term of 5 to 10 years' incarceration. In case 1412-2011, he received an aggregate term of 5 to 10 years' incarceration, to run concurrently with his sentence in case 3285-2017.

Appellant filed motions for modification of his sentences, which were denied. He did not appeal in either case. However, Appellant thereafter filed a timely PCRA petition in case 3285-2017, which resulted in the reinstatement of his direct appeal rights. He filed a *nunc pro tunc* appeal from the judgment of sentence in that case, and this Court affirmed on February 11, 2022. **See Commonwealth v. Frye**, 273 A.3d 1046 (Pa. Super. 2022) (unpublished memorandum). On March 10, 2022, Appellant filed a petition for allowance of appeal to our Supreme Court. While that petition was pending, Appellant filed a *pro se* PCRA petition, which the court dismissed as premature. On March 30, 2022, Appellant discontinued his appeal to our Supreme Court.

On April 13, 2022, Appellant filed, in both cases, the *pro se* PCRA petition underlying his present appeal. However, the issues stated in his petition pertained only to case 1412-2011. Namely, Appellant alleged that his sentence in case 1412-2011 is illegal under our decision in **Commonwealth v. Simmons**, 262 A.3d 512, 525-26 (Pa. Super. 2021) (*en banc*) (holding that a trial court cannot anticipatorily revoke order of probation for commission of new crime after sentencing, but before the period of probation has begun). Appellant further claimed that his trial and direct appeal counsels were ineffective for failing to raise this legality of sentencing issue.

The court appointed C. Curtis Norcini, Esq., to represent Appellant. On August 31, 2022, Attorney Norcini filed a petition to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In Attorney Norcini's detailed no-merit letter, he explained that Appellant's issues pertained solely to his judgment of sentence imposed in case 1412-2011, which became final on November 4, 2019. **See Turner/Finley** No-Merit Letter, 8/31/22, at 2. Because the deadline for filing a timely PCRA petition in that case was November 4, 2020, Attorney Norcini concluded that Appellant's present petition filed on April 13, 2022, was untimely. **Id.** at 2-3. Attorney Norcini further explained that our decision in **Simmons** "was not retroactive in its application" and, thus, it could not satisfy the new-retroactive-right timeliness exception of section 9545(b)(1)(iii). **Id.** at 8. Attorney Norcini also noted that, because Appellant's challenged sentence was

imposed on September 3, 2019, his attorneys could not be deemed ineffective for failing to anticipate that **Simmons** would change the law in 2021. *Id.* at 6. Accordingly, Attorney Norcini concluded that the issues raised in Appellant's PCRA petition were untimely and/or meritless.

On December 1, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* motion for an extension of time to file a response to the Rule 907 notice, which the court granted, but Appellant never filed a *pro se* response. On February 8, 2023, the court issued an order dismissing Appellant's petition in each case, and granting Attorney Norcini's petition to withdraw.

Appellant filed timely, *pro se* notices of appeal in each case.[2] He also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he states seven issues for our review:

> [I.] Did the [PCRA] court err when it dismissed … Appellant's PCRA for timeliness, without a hearing?
>
> [II.] Was successor PCRA [c]ounsel ineffective for failing to raise the ineffectiveness of prior PCRA counsel and all predecessor counsel's [*sic*] related to [A]ppellant's case?
>
> [III.] Did the [PCRA] court err when it reappointed C. Curtis Norcini to represent … Appellant on his PCRA filing?[3]

---

[2] This Court *sua sponte* consolidated Appellant's appeals.

[3] Appellant says "reappointed" because Attorney Norcini had represented him in a prior PCRA petition.

[IV.] Was PCRA [c]ounsel ineffective for failing to raise an illegal sentence[, as Appellant was] sentenced to 2.5 to 5 years for violating a term of probation that was not only inactive but to be served in the future; [and for] not contesting the fact that [A]ppellant never went before the issuing authority who gave him the probation to be served in the future?

[V.] Were all counsel(s) attendant to … [A]ppellant subsequent to the preliminary hearing of[] October 2, 2017, ineffective for failing to inform … [A]ppellant that there was no longer a complainant to the case; that the case was made both "prima-facie" and "bound over for court" based on the hearsay of a disgraced detective and his professional informant witness; [and] that the case was not a homicide prosecution wherein the state becomes the complainant to speak for the deceased?

[VI.] Were successor counsels ineffective for failing to cite the ineffectiveness of counsel who allowed [A]ppellant to plead guilty to a case where his right to confrontation and cross-examination would automatically be violated since there would be no complaining witnesses to test by compulsory or due process?

[VII.] Were all counsels[,] both predecessor and successor[,] ineffective for failing to secure the discovery materials for amendment, curing, and perfecting an unlearned-at-law layman's filings; and, for not helping to secure the disciplinary file and do-not-call-listing of Detective[] Thompson?

Appellant's Brief at vi.

Initially, Appellant does not divide the Argument portion of his brief into distinct sections corresponding with the issues listed above, which impedes our review. Moreover, the majority of Appellant's argument on appeal consists of novel, ineffectiveness claims that were not raised before the PCRA court. He also mentions after-discovered evidence, violations of **Brady v. Maryland**, 373 U.S. 83 (1963), and challenges to the validity of his guilty plea. None of these claims was raised before the PCRA court and, thus, they

are waived for our review. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[4]

As set forth, *supra*, the only issues raised in Appellant's *pro se* PCRA petition were that his sentence in case 1412-2011 is illegal under our decision in **Simmons**, and that his trial and appellate attorneys in that case were ineffective for not raising this legality-of-sentencing issue. For the following reasons, we agree with Attorney Norcini's analysis, in his **Turner/Finley** no-merit letter, that Appellant's petition in case 1412-2011 is untimely and meets no timeliness exception, thus divesting this Court of jurisdiction to review the underlying merits of his claims. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (stating that the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition).

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the

---

[4] Furthermore, Appellant did not assert any of these claims in his Rule 1925(b) statement, thus waiving them on this basis, as well. **See** Pa.R.A.P. 1925(b) Statement, 3/14/23, at 1 (unnumbered); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Pa.R.A.P 1925(b) Order, 2/27/23, at 1 (warning that "[a]ny issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. … 1925(b) shall be deemed waived") (unnumbered single page); **see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[. T]herefore, we look first to the language of that order.") (citations omitted; some brackets added).

judgment of sentence becomes final, unless one of the following exceptions

set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) required that

any petition attempting to invoke one of these exceptions "be filed within one

year of the date the claim could have been presented." 42 Pa.C.S. §

9545(b)(2).

Here, Appellant's judgment of sentence in case 1412-2011 became final

on November 4, 2019, and the deadline for filing a timely petition was

November 4, 2020. Accordingly, Appellant's present petition filed in April of

2022 is patently untimely, and he must meet a timeliness exception to trigger

our jurisdiction to review his claims. Appellant fails to do so. We agree with

Attorney Norcini that Appellant's legality-of-sentence claim premised on **Simmons** cannot meet any timeliness exception.[5]  Our ruling in **Simmons** was not held to be retroactive and, even if it had been, it still could not satisfy the timeliness exception of section 9545(b)(1)(iii) because it was not a decision by our Supreme Court or the United States Supreme Court. Additionally, our Supreme Court has held "that subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA."  **See Commonwealth v. Watts**, 23 A.3d 980, 986-87 (Pa. 2011) (explaining that subsection (b)(1)(ii) "applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts").  Thus, **Simmons** cannot satisfy any timeliness exception.  Likewise, Appellant's claim that his attorneys were ineffective for failing to challenge his sentence under **Simmons** does meet a timeliness exception on its face.  **See Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citations omitted).[6]  Accordingly, the court did not err in denying

---

[5] We note that claims challenging the legality of sentence are subject to review within the PCRA, but must first satisfy the PCRA's time limits.  **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).

[6] In any event, even if timely, we would also agree with Attorney Norcini that Appellant's attorneys cannot be deemed ineffective for failing to anticipate a change in the law.  **See Commonwealth v. Cox**, 983 A.2d 666, 702 (Pa. 2009) ("The law is clear that counsel cannot be held ineffective for failing to anticipate a change in the law.").

Appellant's untimely petition challenging the legality of his sentence, and the effectiveness of his counsel, in case 1412-2011.

Finally, we briefly address Appellant's assertions that Attorney Norcini acted ineffectively in representing him on the present PCRA petition. **See Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal").[7] Initially, in Appellant's *pro se* brief, he baldly states that Attorney Norcini "failed to file ineffective assistance of his predecessors[,] … failed to seek the vacating of [A]ppellant's conviction/guilty plea[,] … failed to secure any Notes of Testimony, Discovery, or requested Right-to-Know items peculiar to[] Detective[] Thompson[,[8]] failed to contest [A]ppellant's ineligibility for RRRI consideration[,]" and "failed

_____

[7] This Court has declined to extend the holding of **Bradley** to cases involving untimely or serial petitions. **See Commonwealth v. Dixon**, No. 1145 EDA 2022 (Pa. Super. filed Dec. 28, 2022) (unpublished memorandum) (holding that **Bradley** does not trigger timeliness exception at Section 9545(b)(1)(iii)); **Commonwealth v. Mead**, No. 646 MDA 2021 (Pa. Super. filed Apr. 1, 2022) (unpublished memorandum), *appeal denied*, 2022 WL 4139124 (Pa. Sept. 13, 2022) (emphasizing that **Bradley** involved a timely first PCRA petition and did not apply to the appellant's appeal from order denying his untimely petition). However, Appellant's petition in case 3285-2017 is his first, timely petition and, therefore, we address his allegations of Attorney Norcini's ineffectiveness.

[8] Appellant attempts to raise, for the first time on appeal, a claim that a "Detective Thompson" allegedly "was on a no-call witness list for both conduct and character violations[,]" and that this fact should have "been disclosed to the defense." Appellant's Brief at 8. This claim is waived, as it was not raised before the PCRA court. **See** Pa.R.A.P. 302(a), **supra**.

to appeal the summary denial of [A]ppellant's first PCRA action." Appellant's Brief at 11. Without further elaboration of how or why counsel was purportedly ineffective in these regards, we cannot meaningfully review Appellant's claims and deem them waived. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

We also note that, while Appellant more specifically contends that Attorney Norcini was ineffective for "fail[ing] to file necessary motions for the[] illegal resentencing of [A]ppellant for fictitiously violating an inactive yet future probation period, peculiar to, count number (4) of[] CP-15-CR-0001412-2011[,]" **see** Appellant's Brief at 11, we have explained that Appellant's PCRA petition is untimely regarding case 1412-2011. Appellant does not explain how this ineffectiveness claim meets any timeliness exception, and for the reasons set forth *supra*, his illegality of sentencing claim does not satisfy any exception. Thus, no relief is due.

Lastly, while Appellant suggests that Attorney Norcini's **Turner/Finley** no-merit letter was inadequate, we disagree. **See id.** at 7. Attorney Norcini provided a detailed discussion of the issues raised in Appellant's PCRA petition,

- 10 -

and thoroughly explained why those claims are meritless. Our review of counsel's rationale and the applicable law demonstrates that counsel was correct in that determination.

Therefore, we discern no error in the PCRA court's dismissal of Appellant's petition, nor any ineffectiveness on the part of Attorney Norcini. Accordingly, we affirm the order dismissing Appellant's petition.[9]

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2023

---

[9] On October 16, 2023, Appellant filed a *pro se* "Motion to Compel," stating that the Commonwealth never supplied him with a copy of its brief, and asking that we compel it to do so. We hereby **deny** that motion. The Commonwealth attached to its brief a proof of service indicating that it served Appellant with a copy of its brief by first class mail on July 11, 2023, thus meeting its obligations under the Rules of Appellate Procedure. **See** Pa.R.A.P. 2112 (stating "[t]he brief of the appellee shall contain the certificates of compliance required by Pa.R.A.P. 127 and 2135(d)"). Appellant waited until October 16, 2023, to notify this Court that he allegedly did not receive that brief. We decline to further delay the disposition of his case by directing the Commonwealth to resend a copy of its brief where it is clear, for the reasons set forth *supra*, that Appellant's petition raised no issues concerning case 3285-2017, and it is patently untimely and meets no exception concerning case 1412-2011.